IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **GEOKINETICS USA, INC.,** | CIVIL ACTION NO. 17-1314 |
| Plaintiff, | |
| v. | |
| **MUNICIPALITY OF MONROEVILLE**, | |
| Defendant. | |

## ORDER TO SHOW CAUSE

In this case, Plaintiff Geokinetics USA, Inc. ("Geokinetics") seeks injunctive relief under the substantive due process and equal protection clauses of the United States Constitution because the municipality of Monroeville ("Monroeville") denied a seismic testing permit and adopted an allegedly invalid ordinance. Geokinetics also asserts numerous state law claims to challenge the permit denial and ordinance. Although Monroeville did not file a motion to dismiss, in its response in opposition to Geokinetics' motion for preliminary injunction Monroeville contends that this case is not ripe because Geokinetics failed to exhaust its administrative and state law remedies. (ECF No. 16).

Federal district courts have a continuing duty to satisfy themselves of jurisdiction before addressing the merits of the case. *Packard v. Provident Nat'l Bank*, 994 F.2d 1039, 1049 (3d Cir. 1993). Courts have an obligation to raise concerns about a lack of subject-matter jurisdiction sua sponte. *Shaffer v. GTE North, Inc.,* 284 F.3d 500, 502 (3d Cir. 2002). If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action. Fed. R. Civ. P. 12(h)(3).

In *E & R Enterprises, LLC v. City of Rehoboth Beach, Delaware*, 650 F. App'x 811, 816 (3d Cir. 2016) (non-precedential) (dismissing due process and equal protection claims arising out of a permit denial), the Third Circuit Court of Appeals recognized that "in some cases lack of ripeness is merely a prudential consideration, here it serves as a jurisdictional bar." *Id*. at 816 n.3. The court held that the district court lacked subject-matter jurisdiction because the plaintiff failed to appeal the denial of its permit. The court explained that a claim is not ripe "until the zoning authorities have had an opportunity to arrive at a final, definitive position regarding how they will apply the regulations at issue to the particular land in question." *Id*. at 813 (citations omitted). The "finality requirement" emphasizes the courts' reluctance "to become super land-use boards of appeals." *Id*. at 815.

In *Campbell v. Conroy*, 55 F. Supp. 3d 750 (W.D. Pa. 2014), the court explained that "before a plaintiff brings a Fourteenth Amendment due process or equal protection claim in federal court, he must have taken advantage of the processes that are available to him . . ., unless those processes are unavailable or patently inadequate." *Id.* at 758 (citations omitted). "If there is a process on the books that appears to provide due process, the plaintiff cannot skip that process and use the federal courts as a means to get back what he wants." *Id.* at 758-59. It is the plaintiff's burden to demonstrate that subject-matter jurisdiction exists. *Id*. at 759 n.5 (citations omitted).

The record before the court raises concerns about a lack of subject-matter jurisdiction, but is not sufficient to resolve those concerns. Monroeville cites generally to the Pennsylvania Municipalities Planning Code, 53 Pa. Stat. § 10101 et seq., and the Pennsylvania Local Agency Law, 2 Pa. Cons. Stat. § 752, but does not specifically identify the state law procedures that are available to Geokinetics to challenge the permit and ordinance at issue in this case. Concerns about subject-matter jurisdiction must be resolved as a threshold matter. Geokinetics' pending motion for

expedited hearing on its request for preliminary injunction (ECF No. 14) is DENIED without prejudice to reassert if the court determines that it may exercise jurisdiction over this case.

Conclusion

On or before November 15, 2017, Geokinetics shall file a declaration setting forth facts and legal argument necessary to establish the court's subject-matter jurisdiction. On or before November 26, 2017, Monroeville may file a response to the declaration and submit additional facts if appropriate. Upon review of the filings, the court will determine whether a hearing is necessary.

SO ORDERED this 9th day of November, 2017.

BY THE COURT:

/s/ Joy Flowers Conti
Joy Flowers Conti
Chief United States District Judge